# In the United States Court of Federal Claims

No. 25-183
Filed: March 10, 2025

|  |  |
|---|---|
| DANIELLE STEPHENS,<br><br>     *Plaintiff*,<br><br>v.<br><br>THE UNITED STATES,<br><br>     *Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

  On March 3, 2025, the court received a document from Plaintiff Danielle Stephens titled "Default and Default Judgment with Affidavit," which the court granted leave to docket as a motion for default judgment. ECF Nos. 9, 10. Ms. Stephens requests the court enter default against the Government and enter judgment against the Government for damages that total $140,000,110,000,000.00. ECF No. 1 at 18.

  Rule 55 of the Rules of the United States Court of Federal Claims ("RCFC") allows the clerk to enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." RCFC 55(a). Further, the court may enter default judgment for a sum certain against a party when "the claimant establishes a claim or right to relief by evidence that satisfies the court." RCFC 55(b)(2).

  Here, the court will neither direct the clerk to enter default nor enter default judgment. As the exhibit to Ms. Stephens's motion shows, the Government has entered an appearance in this case. ECF No. 10-1 at 1; ECF No. 7. Further, the Government has not "failed to plead or otherwise defend" because it still has time to answer or otherwise respond to Ms. Stephens's complaint. Rule 12 gives the Government 60 days to "file an answer to a complaint . . . after being served with the complaint." RCFC 12(a)(1)(A). Ms. Stephens filed her complaint on January 30, 2025, and the Government was served with her complaint on January 31, 2025. ECF No. 1. Thus, the Government has 60 days from January 31, 2025—until April 1, 2025—to file an answer to the complaint. Because the Government still has time to file its answer or other response to Ms. Stephens's complaint, it is not in default, and Ms. Stephens's motion is premature.

  For the foregoing reasons, the court DENIES Ms. Stephens's motion for default judgment, ECF No. 10.

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge